IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SELMA BRINSON                                                               PLAINTIFF

vs.                                                                  No. 2:03CV239-D-A

BARDEN MISSISSIPPI GAMING, LLC                                              DEFENDANT

OPINION

On July 7, 2003, the Plaintiff instituted this action, asserting claims for Title VII race, sex and retaliation discrimination in connection with the Plaintiff's termination from employment with the Defendant on April 4, 2003, after nearly six years of employment. The court conducted a bench trial of this matter from November 27 through November 28, 2006.

Having carefully considered the testimony and exhibits presented at trial along with the parties' post-trial submissions, the court finds that the Plaintiff has failed to establish her claims of Title VII discrimination. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the court issues the following findings of fact and conclusions of law.

*A. Factual Background*

The Plaintiff, an African-American female, was employed as a dual-rate card dealer and supervisor with the Defendant at its Fitzgerald's Casino property in Tunica, Mississippi, from July of 1997 until her termination on April 4, 2003. The Defendant asserts that the Plaintiff was terminated on that date for violating the Defendant's policy forbidding the spreading of rumors and/or sensitive information; the Plaintiff asserts she was terminated in violation of Title VII's proscription against race, sex and/or retaliation discrimination.

In March of 2003, shortly before her termination, the Plaintiff admittedly spoke publicly, in the casino pit area in front of customers, regarding her dissatisfaction with another employee's

termination from employment by the Defendant. In response, the Defendant began investigating the matter and suspended the Plaintiff from her employment for three days, from April 2, 2003, until April 4, 2003. On April 4, 2003, the Plaintiff met with a representative of the Defendant's Human Resources Department, Melanie Drisdale, regarding the status of the Plaintiff's employment. During this interview, the Plaintiff admitted to discussing sensitive matters in the casino's pit area with customers present. The Plaintiff also brought a letter, addressed to the Defendant, to the interview in which she wrote about certain issues occurring in the workplace which she deemed to be unfair. At the conclusion of the meeting, the Plaintiff's employment with the Defendant was terminated.

After satisfying all Equal Employment Opportunity Commission administrative requirements, the Plaintiff filed this suit on July 7, 2003. In the complaint, the Plaintiff asserts claims for Title VII sex, race and retaliation discrimination, alleging that she was terminated on the basis of her sex or race and that her termination was in retaliation for her having complained, via the April 4, 2003, letter that she brought to her meeting with Human Resources, about racial discrimination in the Defendant's workplace. The Defendant states that the Plaintiff's termination was imposed as a result of the Plaintiff violating the Defendant's policy against workplace rumors and gossip, in particular for her discussing sensitive matters in front of customers in the pit area of the casino. The Plaintiff seeks an award of compensatory damages, attorney's fees and expenses, and punitive damages.

### B. Standards for Proving Title VII Discrimination

In order to prevail on a claim of race or sex discrimination, a plaintiff must first prove the following *prima facie* elements:

(1)  that she is a member of a protected class;

(2) that she was qualified for the position from which she was terminated;

(3) that she was subjected to an adverse employment action; and

(4) that she was treated less favorably than were similarly-situated individuals who are not in the subject protected class, or that she was replaced by someone outside the protected class.

Wheeler v. BL Development Corp., 415 F.3d 399, 406 (5th Cir. 2005); Pegram v. Honeywell, Inc., 361 F.3d 272, 281 (5th Cir. 2004).

In order to prevail on a claim of retaliation discrimination, a plaintiff must prove the following elements:

(1) that she engaged in activity protected by Title VII;

(2) that her employer took adverse employment action against her; and

(3) that a causal connection exists between the protected activity and the adverse employment action.

Hernandez v. Crawford Bldg. Material Co., 321 F.3d 528, 531 (5th Cir. 2003); Mattern v. Eastman Kodak Co., 104 F.3d 702, 707 (5th Cir. 1997). Once the plaintiff satisfies this *prima facie* case standard, the defendant employer must offer a legitimate, nondiscriminatory reason that explains both the adverse action taken and the timing thereof. Swanson v. General Services Admin., 110 F.3d 1180, 1188 (5th Cir. 1997). If the employer satisfactorily offers such a reason, the plaintiff must offer some evidence from which the trier of fact may infer that retaliation was the real motive for the employer's adverse action; if the plaintiff fails to offer such evidence, he faces dismissal of his retaliation claim. Swanson, 110 F.3d at 1188.

*C. Discussion*

The Defendant is a gaming company that employs, and has typically employed, around 1,100

persons, with approximately 65% of those employees being African-American. The CEO of the company is himself African-American. The Plaintiff, who was terminated from her employment with the Defendant on April 4, 2003, after nearly six years of employment, had previously faced disciplinary actions during her tenure with the Defendant. These actions include a written disciplinary warning in January of 2001, in which she was specifically warned that "continued violations of this nature could result in further disciplinary action up to and including termination," and a "final written warning" in June of 2002. In addition, in September of 2002, the Plaintiff signed an interoffice memorandum that memorialized the Defendant's strict policy against "breaches of confidentiality and/or spreading rumors." The memo specifically states that violations of the policy "will result in disciplinary action up to and including termination." Less than seven months later, the Plaintiff admittedly violated the policy by discussing sensitive personnel issues publicly in the casino pit area with customers and other employees present. It was this incident that, after the Defendant conducted an internal investigation, led to the Plaintiff's termination after she served a three-day suspension.

1. The Plaintiff's Claims for Race and/or Sex Discrimination

As noted above, in order to establish a claim for race and/or sex discrimination, the Plaintiff must first make a *prima facie* case of discrimination. The Plaintiff can certainly establish two of the required elements of her claims, that she falls within a protected category and that she suffered an adverse employment action, i.e. that she was terminated. The Plaintiff's claims fail, however, because she cannot establish the other two required elements.

First, the court holds that the Plaintiff was not qualified for the position of dual-rate dealer because she had repeatedly violated her employer's policies and had been subjected to numerous

disciplinary actions. The Plaintiff served in a supervisory role and was expected to uphold the Defendant's policies, as was demonstrated when the Plaintiff signed a memorandum outlining the Defendant's policy against breaches of confidentiality. Yet the Plaintiff then publicly and admittedly violated that policy some seven months later. Thus, the court finds that the Plaintiff was not qualified for the position she held.

Second, the Plaintiff has not established that she was treated less favorably than were similarly-situated individuals who are not in the subject protected class, or that she was replaced by someone outside the protected class. On the contrary, the company had previously fired an employee for violating the policy against breaches of confidentiality and there was no proof that the Plaintiff's replacement was white or male. The Plaintiff also failed to prove that a male or white employee received more favorable treatment in similar circumstances. Perez v. Texas Dep't of Criminal Justice, 395 F.3d 206, 213 (5th Cir. 2004); Manning v. Chevron Chemical Co., 332 F.3d 874, 881 (5th Cir. 2003).

Thus, the court finds that the Plaintiff has failed to make out a *prima facie* case of sex or race discrimination. Accordingly, the court finds that the Defendant should prevail on those claims.

### 2. The Plaintiff's Claim for Retaliation Discrimination

In attempting to satisfy her *prima facie* case requirement for retaliation discrimination, the Plaintiff asserts: (i) that she engaged in Title VII protected activity on April 4, 2003, when she presented a letter complaining of previous acts of workplace racial discrimination to the Defendant during the interview at which she was being terminated; (ii) that the Defendant took adverse employment action against the Plaintiff when she was terminated; and (iii) that a causal connection exists between the Plaintiff's submission of the letter and her termination.

Even assuming, *arguendo*, that the Plaintiff can establish a *prima facie* case of retaliation, the court finds that the Defendant has offered a legitimate and nondiscriminatory reason that adequately explains both the adverse action taken and the timing thereof - that the Plaintiff made inappropriate remarks in public and in front of customers in March of 2003, in violation of the Defendant's specific policy against breaches of confidential information - a policy of which the Plaintiff was aware and which the Defendant had specifically prepared a memo outlining (and which the Plaintiff signed). The Defendant learned of the inappropriate comments and investigated them; this led to the Plaintiff's subsequent suspension and termination. The Plaintiff admits making the comments.

Because the court holds that the Defendant has met its burden of production and offered a legitimate, non-discriminatory reason for the disciplinary action taken, the Plaintiff, in order to prevail, must offer some evidence from which the court may infer that retaliation was the real motive for her termination. Swanson, 110 F.3d at 1188. The court finds, however, that the Plaintiff has not offered any such evidence; in fact, the record is completely devoid of any suggestion that the Defendant's actions were taken in retaliation for the Plaintiff having engaged in Title VII protected activity. The Plaintiff submitted the subject letter during the interview at which her employment was being terminated. It was not clear from the evidence presented at trial that the decision maker (Tamara McDonald, herself an African-American female) was aware of the letter prior to the time she made the decision to terminate the Plaintiff's employment. In order to prevail on a claim of retaliation discrimination, a plaintiff must prove that the decision maker was aware of the subject protected activity. Watts v. Kroger Co., 170 F.3d 505, 512 (5th Cir. 1999). Here, the Plaintiff has failed to meet this burden.

Thus, the court holds that the Plaintiff has failed to adequately present evidence suggesting that the Defendant retaliated against the Plaintiff by terminating her employment after the Plaintiff submitted the subject letter. Accordingly, the court rules that the Plaintiff has failed to meet her burden to prove that the Defendant engaged in retaliation discrimination when it terminated her employment on April 4, 2003. The Plaintiff was already serving a three-day suspension for admittedly violating the Defendant's policy against breaches of confidential information, and did not establish that any protected activity was known to the decision-maker, Tamara McDonald. Thus, the court finds that the Defendant should prevail on the Plaintiff's claim for Title VII retaliation discrimination.

*D. Conclusion*

For the above reasons, the court finds that the Plaintiff has failed to establish her claims of Title VII sex, race, or retaliation discrimination. Accordingly, the court rules in favor of the Defendant.

A separate judgment in accordance with this opinion shall issue this day.

This the 26th day of March 2007.

/s/ Glen H. Davidson
Chief Judge