IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SELMA BRINSON                                                                                          PLAINTIFF

vs.                                                                                            No. 2:03CV239-D-A

BARDEN MISSISSIPPI GAMING, LLC                                                     DEFENDANT

OPINION DENYING POST-TRIAL MOTIONS

Presently before the court is the Plaintiff's motion for new trial, motion to alter judgment, motion for reconsideration, and motion to amend or correct judgment. Upon due consideration, the court finds that the motions should be denied.

On July 7, 2003, the Plaintiff instituted this action, asserting claims for Title VII race, sex and retaliation discrimination in connection with the Plaintiff's termination from employment with the Defendant on April 4, 2003, after nearly six years of employment. The court conducted a bench trial of this matter from November 27 through November 28, 2006. On March 26, 2007, the court entered its judgment in favor of the Defendant, finding that the Plaintiff failed to establish her claims of Title VII discrimination. The Plaintiff subsequently filed the pending motions, primarily arguing, *inter alia*, that two of the Defendant's witnesses were not credible. For the following reasons, the court finds that the Plaintiff's motions should be denied.

*A. Factual Background*

The Plaintiff, an African-American female, was employed as a dual-rate card dealer and supervisor with the Defendant at its Fitzgerald's Casino property in Tunica, Mississippi, from July of 1997 until her termination on April 4, 2003. The Defendant asserts that the Plaintiff was terminated on that date for violating the Defendant's policy forbidding the spreading of rumors and/or sensitive information; the Plaintiff asserts she was terminated in violation of Title VII's

proscription against race, sex and/or retaliation discrimination.

In March of 2003, shortly before her termination, the Plaintiff admittedly spoke publicly, in the casino pit area in front of customers, regarding her dissatisfaction with another employee's termination from employment by the Defendant. In response, the Defendant began investigating the matter and suspended the Plaintiff from her employment for three days, from April 2, 2003, until April 4, 2003. On April 4, 2003, the Plaintiff met with a representative of the Defendant's Human Resources Department, Melanie Drisdale, regarding the status of the Plaintiff's employment. During this interview, the Plaintiff admitted to discussing sensitive matters in the casino's pit area with customers present. The Plaintiff also brought a letter, addressed to the Defendant, to the interview in which she wrote about certain issues occurring in the workplace which she deemed to be unfair. At the conclusion of the meeting, the Plaintiff's employment with the Defendant was terminated.

After satisfying all Equal Employment Opportunity Commission administrative requirements, the Plaintiff filed this suit on July 7, 2003, asserting claims for Title VII race, sex and retaliation discrimination. The court conducted a bench trial of this matter from November 27 through November 28, 2006. After carefully considering the testimony and exhibits presented at trial along with the parties' post-trial submissions, the court ruled on March 26, 2007, that the Plaintiff failed to establish her claims of Title VII discrimination. The Plaintiff has now filed the pending post-trial motions.

### B. Standards for the Plaintiff's Pending Motions

Before the court can grant a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the moving party must "clearly establish a manifest error of law or must present newly-discovered evidence." Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990); see Federal

Deposit Ins. Corp. v. Cage, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (recognizing three possible grounds for Rule 59(e) relief: (1) intervening change in controlling law; (2) newly-discovered evidence not previously available; or (3) to correct clear errors of law or prevent manifest injustice). Rule 60 of the Federal Rules of Civil Procedure allows relief from a judgment or order for various reasons, including clerical errors, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the [order]." Fed. R. Civ. P. 60(b).

Specifically, under Rule 60(b)(3), a party may be entitled to relief upon a showing of "fraud... misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). In order to prevail under Rule 60(b)(3), a party must establish both that the adverse party engaged in fraud or other misconduct and that the misconduct prevented the moving party from fully and fairly presenting their case. Diaz v. Methodist Hospital, 46 F.3d 492, 497 (5th Cir. 1995). In addition, relief under Rule 60(b)(6) is only appropriate in an extraordinary situation or circumstances. United States v. Orleans Parish Sch. Bd., 397 F.3d 334, 337 (5th Cir. 2005).

As for the Defendant's motion for a new trial, Rule 59(a) of the Federal Rules of Civil Procedure permits a trial court to grant a new trial based on that court's appraisal of the fairness of the trial. The rule does not specify what grounds are necessary to support such a decision, but states only that the action may be taken "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a); Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985). A new trial may be granted, for example, if the Plaintiff:

> clearly establish[es] either a manifest error of law or fact or ... present[s] newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be

used to argue a case under a new legal theory.

Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 344 (5th Cir. 2007).

### C. Discussion

It was only after careful consideration of the evidence at trial and the parties' post-trial submissions that the court entered its opinion and order holding that the Plaintiff failed to establish her claims of discrimination. In her present motions, the Plaintiff does not assert any new arguments, facts or case law that would give the court any reason to modify its prior ruling in any respect. The Plaintiff also has wholly failed to "clearly establish a manifest error of law" or to "present newly-discovered evidence" indicating that the court's previous decision was in error.

Instead, outside of re-arguing her case and insisting that the court's evaluation of the evidence and law was incorrect (arguments the court rejects pursuant to the aforecited authorities), the Plaintiff primarily argues that two of the Defendant's witnesses were not credible. At trial, the court heard and observed the subject witnesses' live testimony and the cross-examination of those witnesses. After hearing all the evidence in the case and considering the parties' post-trial submissions, the court found in its March 26, 2007, opinion that the Plaintiff failed to establish a case of Title VII discrimination. After again reviewing the entire record in this case as well as the parties' briefs on the pending motions, the court finds that its prior ruling was correct and that the Plaintiff failed to establish her claims of Title VII discrimination.

Thus, the court is satisfied that its prior ruling is not in error, and that the Plaintiff has failed to establish that she is entitled to relief under either Rule 59 or 60. See, e.g., F.D.I.C. v. Cage, 810 F. Supp. at 747 (simple disagreement with court regarding its finding of facts or conclusions of law is insufficient grounds for Rule 59 motion to be granted). As such, the court rules that the Plaintiff's

motions shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 28th day of June 2007.

/s/ Glen H. Davidson
Chief Judge